IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEDROS T. TESFAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-505-GPM |
| | ) |
| TOM MAUE, EUGENE MCADORY, C/O ROBINSON, C/O FLATT, C/O NIEPERT, MAJOR MARTIN, LT MITCHELL, C/O SCOTT, DOCTOR AHMED, and JACK MOORE, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This case is before the Court on a motion for summary judgment filed by Defendants Moore, Maue, McAdory, Robinson, Flatt, Niepert, and Martin (Doc. 32). The motion was filed on June 23, 2008, and no response has been filed. On July 7, 2008, Magistrate Judge Frazier entered an Order and Notice concerning the motion, warning Plaintiff that failure to respond to the motion might be fatal to his claim (*see* Doc. 37). Defendants filed a similar notice on July 10, 2008 (*see* Doc. 40). Pursuant to Local Rule, the absence of a response may be deemed an admission to the merits of the motion. SDIL-LR 7.1(c).

This action, brought pursuant to 42 U.S.C. § 1983, is based on allegations describing a series of violations of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment during his confinement at Menard Correctional Center. Certain claims and a few defendants have

already been dismissed from the action.[1] The remaining claims are:

> **Count 1 – Failure to Protect and Retaliation** against Defendants McAdory, Maue, and Niepert for disregarding a serious safety concern by housing Plaintiff with inmate Barrows; also against Defendant Niepert for acting in retaliation for one of Plaintiff's successful grievances.
>
> **Count 2 – Excessive Force** against Defendants Flatt and Niepert for using force without justification.
>
> **Count 3 – Medical Care** against Defendants Niepert, Martin, and Robinson for refusing to take Plaintiff to the prison health care unit for treatment of injuries; also against Defendant Moore for his refusal to provide medical treatment.

Plaintiff seeks declaratory relief and compensatory and punitive damages.

Defendants seek summary judgment in their favor, claiming that Plaintiff failed to comply with the Prison Litigation Reform Act by exhausting his administrative remedies. Following the passage of the Prison Litigation Reform Act, any inmate complaining about adverse prison conditions must exhaust available administrative remedies before filing suit. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion requires compliance with the rules applicable to the grievance process at the inmate's institution. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002).

The grievance process available to Illinois prison inmates includes several levels of review. Typically, the prisoner first submits the grievance to a counselor. If the prisoner is not satisfied with the counselor's resolution, he may then submit a formal grievance to the prison's grievance officer.

---

[1] On August 14, 2007, following the Court's preliminary review of the complaint, the Court dismissed a claim for due process against Defendants Mitchell and Scott (*see* Doc. 7). The Court also dismissed the claims against Dr. Ahmed after a hearing held on March 31, 2008, as the Court found that Plaintiff failed to exhaust his administrate remedies on his claim against Dr. Ahmed (*see* Doc. 27).

The grievance must be filed within sixty days. 20 Ill. Admin. Code 540.810. The grievance officer then reviews the grievance and forwards a recommendation to the warden. The warden makes the final decision at the institutional level. If the prisoner is not satisfied with the warden's response, he may appeal to the Director. The Director refers the matter to the Administrative Review Board (ARB), which submits its recommendation to the Director. The Director issues the final decision. 20 Ill. Admin. Code, part 504, subpt. F.

Alternately, the prisoner may request that a grievance be handled on an emergency basis by forwarding it directly to the warden. If the prisoner is not satisfied with the warden's response, the usual appeal process may be pursued. 20 Ill. Admin. Code, subpt. F; *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005).

The Court has carefully reviewed the materials on file, including verified allegations and affidavits appending to the complaint. *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996). Plaintiff prepared numerous written grievances on the following dates:

| | |
|---|---|
| July 22, 2003 | January 17, 2004 |
| September 2, 2003 | January 29, 2004 |
| September 9, 2003 | February 17, 2004 |
| October 6, 2003 | March 1, 2004 |
| January 12, 2004 | |

Plaintiff submitted all of his grievances to a grievance officer. The grievance officer made a recommendation regarding the October 6, 2003, grievance on October 20, 2003, then revised that recommendation on April 5, 2004. The warden accepted the grievance officer's revised recommendation on April 5, 2004.

With respect to the other grievances, Plaintiff sent correspondence to the warden on July 5 and 23, September 16 and November 25, 2003 and on January 22, January 29, March 30, and April

7, 2004. On July 8, 2003, he sent correspondence to Defendant Maue. He also sent correspondence to the ARB on July 29, October 28, and December 25, 2003, and on January 2, January 22, and May 21, 2004.

Plaintiff also sent correspondence to a grievance officer supervisor on September 16 and October 30, 2003, and on January 22 and March 1, 2004. He sent correspondence to a grievance officer on September 18, 2004.

On January 22, March 30, March 31, and April 7, 2004, Plaintiff sent correspondence to his counselor. He ultimately delivered the July 22, 2003, grievances to his counselor on March 25, 2004.

Jackie D. Miller is a chairperson for the ARB, which maintains the written materials produced when a grievance appeal is reviewed and finally resolved at that level of review. When she reviewed the ARB's records for 2003 and 2004, she found no record of any timely grievances regarding Plaintiff's Eighth Amendment claims of failure to protect, excessive force, or deliberate indifference.

The materials submitted show that Plaintiff grew impatient with normal administrative delays. He tried to accelerate the administrative remedy process by either skipping the initial step or by asking for review of a decision that had not yet been made. On several occasions, Plaintiff's correspondence and attachments were returned to him with explanations and/or instructions regarding the proper appeal procedure. The materials submitted do not demonstrate that Plaintiff exhausted available administrative remedies before he brought his civil rights claims against these Defendants.

Finally, in light of the foregoing, the Court finds that the failure to exhaust was Plaintiff's

fault. He simply did not follow the procedures that the prison had in place for him to exhaust his administrative remedies. Under *Pavey v. Conley*, 528 F.3d 494, 498 (7th Cir. 2008), this case is over.

Defendants' motion for summary judgment (Doc. 32) is **GRANTED**. The following claims are **DISMISSED** with prejudice for failure to exhaust administrative remedies:

Failure to protect claim against Defendants McAdory, Maue, and Niepert (Count 1)

Retaliation claim against Defendant Niepert (Count 1)

Excessive force claims against Defendants Flatt and Niepert (Count 2)

Medical care claims against Defendants Niepert, Martin, Robinson, and Moore (Count 3).

The Clerk is **DIRECTED** to enter judgment accordingly. Because the case is over, the appeal from Magistrate Judge Frazier's Order of June 19, 2008 (Doc. 36) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: 8/14/08


s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge